**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2657-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN LLOYD, a/k/a
CHRIS BARRETT, and
DEVIN KEITH,

    Defendant-Appellant.

_____

Submitted May 12, 2020 – Decided June 26, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-10-2752.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Kevin Lloyd appeals from the denial of his petition for post-conviction relief (PCR), contending trial and appellate counsel were ineffective, and the PCR court improperly denied his petition without an evidentiary hearing. We affirm.

The detailed circumstances leading to defendant's arrest and charges were set forth in our opinion in defendant's direct appeal. We need not repeat them here. State v. Lloyd, No. A-0684-13 (App. Div. July 6, 2016).

Essentially, Terrell Smith was shot in the back after being chased by the shooter through a shopping center into a parking lot across the street and into a residential area. Id. at 1-2. Two security officers working in the mall described the shooter to police. Id. at 3.

Surveillance footage was obtained from cameras in several stores and in the mall. Defendant was identified as the shooter. The shirt he was wearing at the time of the shooting was discarded and later recovered. Defendant's DNA was found on the shirt. Several witnesses in the mall identified defendant in a photo array. Smith told the police and grand jury he never turned around during the chase and therefore he did not know who the shooter was.

Joseph Sterling, a maintenance man and night watchman who had witnessed the shooting, told police he knew the shooter; he identified him from the photo array, but stated he only knew him by the name "Mousey." During trial, however, Sterling said he had no recollection of the events surrounding the shooting, it had occurred before he arrived at the mall and he had no recollection of the statement he had given to police. After a N.J.R.E. 104 hearing, the court admitted Sterling's prior recorded statement. The victim, Smith, did not testify at the trial.

Defendant was convicted by a jury in 2011 of attempted murder and several weapons offenses. He moved for a new trial, presenting a statement from Smith who recanted the testimony he had given before the grand jury. Smith now stated he knew who the shooter was, and it was not defendant. During an evidentiary hearing, Smith testified he lied to the grand jury because he was scared of the shooter. Smith admitted he was incarcerated with defendant in the same correctional facility for approximately eighteen months although he denied knowing defendant was in the jail or that defendant was awaiting trial for shooting him. In denying the motion for a new trial, the trial court found Smith's recantation of testimony was not credible or reliable.

A-2657-18T1

Defendant was sentenced to life in prison without parole. On appeal, we affirmed the convictions but remanded for resentencing. Id. at 1.

On remand, defendant was sentenced to an extended term of thirty years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. He appealed. We remanded again, finding the trial court had not provided sufficient reasons for the imposition of an extended term. State v. Lloyd, No. A-2803-17 (App. Div. Dec. 5, 2018). The Supreme Court thereafter denied defendant's petition for certification. State v. Lloyd, 238 N.J. 357 (2019).

Defendant filed a pro se PCR petition in 2016, and thereafter, assigned counsel filed a brief. Defendant asserted trial counsel was ineffective for failing to: (1) retain a DNA expert and to contest the DNA evidence; (2) challenge the shirt he allegedly wore at the time of the crime; (3) interview witnesses, including Smith; (4) object to the identification made by Sterling; and (5) obtain transcripts of Sterling's testimony. Defendant also alleged appellate counsel was ineffective in failing to raise certain issues on appeal.

The PCR court granted an evidentiary hearing. In addition to defendant, a paralegal from defendant's trial counsel's office testified at the hearing in March 2018. Defense counsel had passed away prior to the proceeding.

A-2657-18T1

In an oral decision issued August 22, 2018, the PCR court found defendant "failed to provide any legal or evidentiary basis to support his claims of ineffective assistance of counsel as to either trial or appellate counsel . . . ." The court noted defendant "was not responsive to questions posed, argumentative, at times confrontational and at times attempted to avoid the questions asked." The court characterized defendant's testimony as "lack[ing] total credibility or reliability."

In addressing each of defendant's allegations of ineffective assistance of trial counsel, the PCR court found counsel had made decisions and employed trial strategies "well within [his] purview." Defendant proffered names of witnesses that he stated should have been interviewed or called to testify. However, defendant failed to explain what testimony these witnesses might have offered or how their testimony could have affected the outcome of the case. The court stated that defendant's allegations were "bald assertions," unsupported by any facts. The PCR court also reviewed the allegations of ineffective assistance against appellate counsel and rejected them, finding no deficiency in counsel's representation.

In conclusion, the PCR court stated, "Having presided over th[e] trial of this matter there is no doubt in this [c]ourt's mind that [defendant] was convicted

by a jury of his peers on the overwhelming evidence of guilt presented by the State as opposed to any alleged ineffective assistance of either trial or appellate counsel." The court noted the surveillance video, statements of witnesses, the identification of defendant as the shooter by witnesses and Sterling, and the DNA evidence. The PCR petition was denied.

On appeal, defendant presents the following issues:

> TRIAL COUNSEL'S NEGLECT TO ADEQUATELY COMMUNICATE WITH DEFENDANT, TO PROPERLY INVESTIGATE THE CASE, AND TO INTERVIEW AND PRODUCE WITNESSES CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF
>
> B. FAILURE TO COMMUNICATE, INVESTIGATE AND CALL WITNESSES

In a pro se supplemental brief, defendant reiterates his counseled arguments and renews additional arguments presented before the trial court:

> POINT I: [THE] PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE TRIAL COUNSEL FAILED TO INVESTIGATE AND PRESENT A COMPLETE DEFENSE, VIOLATING THE

6

APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO COUNSEL AND A FAIR TRIAL

POINT II: [THE] PCR COURT ERRED WHEN IT DENIED THE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM THAT TRIAL COUNSEL FAILED TO HAVE THE TRANSCRIPTS OF A WITNESS JOSEPH STERLING'S INCONSISTENT TESTIMONY ADMITTED INTO EVIDENCE WITH HIS AUDIO RECORDED STATEMENT THAT THE STATE HAD ADMITTED AS HIS TESTIMONY, VIOLATING THE APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW, WHEREFORE THE CONVICTION MUST BE SET ASIDE AND A NEW TRIAL MUST BE GRANTED

POINT III: [THE] PCR COURT ERRED WHEN IT DENIED THE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE TRIAL COUNSEL FAILED TO CONTEST THE POLICE PROCEDURE WHICH WAS USED WHEN THE INVESTIGATING OFFICERS FAILED TO FOLLOW THE ATTORNEY GENERAL GUIDELINE OF APRIL 18, 2001, VIOLATING THE APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW, WHEREFORE THE CONVICTION MUST BE SET ASIDE AND A NEW TRIAL GRANTED

POINT IV: [THE] PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WHERE TRIAL COUNSEL ADMITTED THAT HE WAS INEFFECTIVE BY INITIALING AND WRITING ON TWO SHEETS OF

7

PAPER SEVERAL ISSUES WHERE HE WAS INEFFECTIVE, VIOLATING THE APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW, WHEREFORE THE CONVICTION MUST BE SET ASIDE AND A NEW TRIAL GRANTED

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. The same standard applies to appellate counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citation omitted).

We are satisfied from our review of the record that defendant failed to demonstrate trial and appellate counsel were ineffective under the Strickland-Fritz test. Defendant has not proffered how the testimony of a defense DNA

8

expert might have changed the outcome of the case. Nor has he presented affidavits from any witnesses he asserts should have been interviewed and called to testify at trial. Without any factual underpinning, defendant's allegations are nothing more than "bald assertions," and cannot suffice to establish a prima facie case of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In addition, defendant challenges his trial and appellate counsel's strategic decisions. As our Supreme Court has stated, "An attorney is entitled to 'a strong presumption' that he or she provided reasonably effective assistance, and a 'defendant must overcome the presumption that' the attorney's decisions followed a sound strategic approach to the case." State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting Strickland, 466 U.S. at 689). Given the deference due to the PCR court's factual findings and credibility assessments, we are satisfied defendant's allegations do not meet the Strickland standard of deficient performance. Moreover, defendant has not demonstrated that any of the alleged deficiencies would have changed the outcome.

Because his petition was based on bald assertions and did not present a prima facie case of ineffective assistance of counsel, defendant was not entitled to an evidentiary hearing and the petition was properly denied. See State v.

A-2657-18T1

Preciose, 129 N.J. 451, 462 (1992). Any remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2657-18T1